IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE ) | |
| ) | |
| Plaintiff, ) | No. 1:05-cv-01624 (EGS) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b), the United States moves this Court to dismiss plaintiff's complaint, and for any further relief as this Court deems just and proper. As grounds for this motion, the United States submits that plaintiff failed to properly serve the United States and failed to state a claim upon which relief can be granted.

A brief in support of this motion and a proposed order are submitted.

Date: October 11, 2005

Respectfully submitted,

  /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1375897.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01624 (EGS) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1993, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

## STATEMENT

Plaintiff, Charles Radcliffe, filed this complaint on August 12, 2005, and a summons was not issued to the United States. The complaint alleges that "in connection with the collection of Federal tax beginning with 'tax year' 1993", the IRS "disregarded and continue [sic] to disregard provisions" of the Internal Revenue Code. (Compl. I.) Attached to the complaint served on the United States Attorney General, was a request to waive service of the summons. (Genis decl. Ex. 1.)

## ARGUMENT

This case must be dismissed because plaintiff has not served the United States Attorney for the District of Columbia and because he has not alleged any facts which state a claim upon which relief can be granted.

1.  <u>Plaintiff Failed to Properly Serve the United States; Accordingly, This Court Lacks Jurisdiction</u>.

Service upon the United States, its agencies, or employees, is governed by Fed.R.Civ.P. 4(i), and is effected by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, DC; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed.R.Civ.P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States, its agencies and employees, deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. <u>Rabiolo v. Weinstein</u>, 357 F. 2d 167, 168 (7th Cir. 1966); see also <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. <u>Bland v. Britt</u>, 271 F. 2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See <u>Light v. Wolf</u>, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was

proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, there is no indication that plaintiff served anyone. The docket indicates that a summons was not issued to the United States. There is no indication that plaintiff served the United States Attorney for the District of Columbia or the Attorney General. Instead, plaintiff sent a request to waive service of the summons.*/ This service is clearly insufficient. Since the United States was not properly served as required under Rule 4(i), the complaint should be dismissed.

    2.    Plaintiff Has Failed to State a Claim.

Plaintiff's complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004). Plaintiff has alleged no facts whatsoever: he does not specify the type of tax at issue, the specific tax years at issue, or the amount in dispute. Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

---

    */ The United States has no duty to waive service of summons. See Fed.R.Civ.P. 4(d)(2).

## CONCLUSION

Because plaintiff has failed to properly serve the United States and failed to state a claim upon which relief can be granted, her complaint should be dismissed.

Date: October 11, 2005.

        Respectfully submitted,

        /s/ Pat S. Genis
        PAT S. GENIS, #446244
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, D.C.  20044
        Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01624 (EGS) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED; and it is further

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

1

1375897.1

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Charles Radcliffe
8681 E. Duke Place
Denver, CO 80231

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01624 (EGS) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM and proposed ORDER were served upon the following person on October 11, 2005, by sending a copy by First Class mail, postage prepaid, addressed as follows:

> Charles Radcliffe
> 8681 E. Duke Place
> Denver, CO 80231

                 /s/ Pat S. Genis
                PAT S. GENIS, #446244