IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles Radcliffe,  ) No.1:05CV01624(ES)
8681 E Duke Place,  )
Denver, CO 80231    ) MOTION TO STRIKE
3063-695-7697       ) FOR WANT OF SUBJECT MATTER
                    ) JURISDICTION
         Plaintiff(s),  )
                    )
v.                  )
                    )
United States
         Defendant.

Plaintiff appears specially and not generally to challenge the subject matter and in personam jurisdiction of the Court and for failure to state a claim on which relief can be granted.

### JURISDICTIONAL CHALLENGE

Plaintiff is in receipt of United States' Motion to Dismiss and Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss.

Plaintiff moves this Court to strike/deny defendant's motions for want of subject matter and in personam jurisdiction. 26 USC §7433[1] mandates that suit shall be filed in the district court of the United States. This Court is not the district court of the United

---

[1] "When the words of a statute are unambiguous, the first canon of statutory construction--that courts must presume that a legislature says in a statute what it means and means in a statute what it says there--is also the last, and judicial inquiry is complete." Connecticut National Bank v. Germain, 503 US ____, p. ____, 117 L.Ed 2nd 391(1992) (emphasis added)

"In construing a federal statute, it is presumable that Congress legislates with knowledge of the United States Supreme Court's basic rules of statutory construction." MCNARY v HAITIAN REFUGEE CENTER, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888, (1991) (emphasis added)

"When the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." FREYTAG v. COMMISSIONER, 501 US 115 L Ed 2d 764, pp. 767 - 9/73 (emphasis added)

"The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives." CBS, INC. v FCC, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709 190155/564515 (emphasis added)

States and therefore wants subject matter jurisdiction. Put simply, defendant, United States, has filed in the wrong court.

Defendant has failed to set forth the basis on which defendant believes that the United States District Court for the District of Columbia has subject matter jurisdiction when the mandate of Congress is to file in the district court of the United States.

<u>This Court has a duty to ensure that both the court and the defendant comply with the laws and codes exactly as they are written. Even though the defendant has filed in this Court, defendant has failed to show that this Court has the guns to force plaintiff to appear in this Court in the instant matter. The Court's failure to insure that 26 USC §7433 is complied with exactly as written, renders all proceedings and all resulting paperwork that this Court and others have and might yet generate worthless</u>[2].

### OBJECTION TO ACTIONS OF CLERK

Additionally, plaintiff is aware of the deficiencies in the service. Plaintiff has made repeated attempts to get summonses issued by the clerk of court. The clerk of court has refused to issue proper summonses.

Plaintiff(s) **OBJECT(S)** to the Clerks refusal to issue summonses in this matter. The clerk has no authority to make legal determinations. Such action constitutes impersonating a judge, a denial of due process, obstruction of justice, misfeasance, and malfeasance . The clerk is charged

---

[2] The defendants' motion to dismiss for <u>failure to state a claim unsupported by affidavits or depositions is incomplete</u> because it requests this Court to consider facts outside the record which have not been presented in the form required by rules 12(b)(6) and 56(c). <u>Trinsey v. Pagliaro, D.C. Pa 1964, 229 F. Supp 647</u>

Statements of counsel in their briefs or arguments while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment.

Inaccurate statements of counsel sometimes lead to erroneous assumptions by courts. <u>Langford v. Monteith, 102 U.S. 145, 147</u>…such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.

We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). <u>HAINES v. KERNER, 404 U.S. 519 (1972)</u>

with filing pleadings and issuing summons. The clerk has no authority to determine the validity of a pleading, that is a matter to be determined at hearing by the judge. Plaintiff is entitled as a matter of law to have a summons issued. If there is a defect in the summons that is a matter to be determined upon the objection of the defendant, not a matter to be determined by the clerk sans a hearing. Plaintiff has provided the clerk of court with proper summonses properly headed district court of the United States. The clerk has refused to sign and issue the summonses provided by plaintiff. The clerk is denying plaintiff due process and obstructing justice by refusing to sign the summonses. Plaintiff is unable to serve the complaint and summons on the defendant due to the actions of the clerk. There is no rule requiring plaintiff to use a summons provided by the clerk titled United States District Court for the District of Columbia when the instant matter is required by statute to be filed in the district court of the United States. Inasmuch as the statute requires the matter be filed in the district court of the United States and no preprinted summons with the required title is available the plaintiff prepared and submitted the proper summons with the proper heading which the clerk refuses to sign and return. There is no statutory authority authorizing either the clerk and/or the defendant to demand that plaintiff allow the conversion of this matter to United States District Court for the District of Columbia and to use summonses with the heading United States District Court for the District of Columbia. Such demand is in violation of 26 USC 7433 which mandates that the matter be filed in district court of the United States.

Wherefore, plaintiff requests that the court deny defendant's motion for want of subject matter in personam jurisdiction and issue its order requiring the clerk to issue summonses with the heading district court of the United States.

Dated October 28 2005

Charles Radcliffe

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on defendant by serving Pat S. Genis, Trial Attorney, Tax Division, U.S. Department Justice, P O Box 227, Washington, D.C. 20044.

Dated October 28, 2005

*Charles Radcliffe*
Charles Radcliffe