UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

Charles Radcliffe,

v.

United States

RESPONSE TO ORDER OF COURT
DATED 12/22/10

Case No.: 1:05CV01624(ES)

Plaintiff responds to the United States' Motion to Dismiss as follows:

1. Defendants' Motion to Dismiss is premature.

2. Plaintiff requests that the court take judicial notice of the Civil Docket for the instant matter on file with the clerk of court.

3. The Civil Docket shows as follows:

    A. The complaint was filed on 08/12/2005.

    B. Summons issued on 10/24/2005

    C. Motion to Dismiss filed by United States 10/11/2005.

    D. Summons and Complaint served on US Attorney 11/03/2005.

    E. Summons and Complaint served on United States 11/03/2005.

    F. Defendant response reset to 1/13/2006.

4. Thus according to the record in this matter the motion to dismiss was served 10/11/2005 which was before the summons and complaint was served on the US Attorney ( 11/03/2005) and the United States (11/03/2005).

5. According to the record the answer of the United States is not due until 1/13/2006.

6. The record clearly shows that the aforementioned Motion to Dismiss was filed before the plaintiff served the summons and complaint on the defendant.

7. The record shows that defendant was properly served on the aforementioned dates.

8. The plaintiff's claim that the plaintiff's complaint has failed to state a claim upon which relief can be granted has already been ruled upon. In 1:05-cv-01613 (ESH), Matthew Brandt v United States, filed in this court, the court determined that pursuant to ¶ 7 the complaint sets forth sufficient facts to survive a 12(b)(6) motion. A ruling to the contrary would require an appeal to resolve the conflict in rulings.

9. Plaintiff's complaint is supported by an affidavit containing facts sworn to by the plaintiff. Defendants' motion to dismiss for <u>failure to state a claim unsupported by affidavits or depositions is incomplete</u> because it requests this Court to consider facts outside the record which have not been presented in the form required by rules 12(b)(6) and 56(c) (<u>Trinsey v. Pagliaro, D.C. Pa 1964, 229 F. Supp 647</u>). Statements and/or decelerations[1] of counsel in their briefs or arguments while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment. Inaccurate statements of defense counsel sometimes lead to erroneous assumptions by courts. (Langford v. Monteith, 102 U.S. 145, 147). Allegations such as those asserted by plaintiffs, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. Especially when such statements are supported by affidavit.

Wherefore, for the above reasons plaintiff requests that the court strike or in the

---

[1] It is well settled that attorneys cannot testify in writing or in court. Defendants' attorneys declaration is not admissible under the Fed Rules of Evid. under any circumstances. Lawyers representing parties in the suit cannot testify – "lawyer testimony" is a common breach of the lawyer's professional responsibility and code of ethics. If defendants' counsel insists on providing the court with facts (other than in opening and closing statements when he may instruct the court, "The evidence will show ..." or "The evidence has shown ...") plaintiffs' insist that the attorney be sworn and testify *only* to those matters within the limited sphere of his own personal knowledge. If defendants' lawyer insists on being a witness for his client (as many do when they think they can get away with it), plaintiffs demand that defendants' attorney be disqualified as counsel for his client and reported to the Bar. A lawyer cannot serve as both counsel and witness in the same case.

alternative deny defendants' motion to dismiss.

Dated January 03, 2006

*[signature]*

Charles Radcliffe

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on Defendants' Counsel at his address of record.

Dated January 03, 2006

*[signature]*

Charles Radcliffe