IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE | ) |
| | ) |
|     Plaintiff, | ) No. 1:05-cv-01624 (EGS) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

## UNITED STATES' REPLY

The United States continues to assert that plaintiff's complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6). Rule 8 requires a complaint to set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Plaintiff does not specify the type of tax at issue, the specific tax years at issue, the amount in dispute, or the specific acts and/or omissions that would entitle him to relief under 26 U.S.C. § 7433.1/ Accordingly, plaintiff has failed to state a claim upon which

---

    1/   This Court is not bound by Matthew Brandt v. United States, 1:05-cv-1613(ESH), which plaintiff cites. In that case, the district judge determined that paragraph 7 of that complaint (which is substantially identical to paragraph 7 in plaintiff's complaint) set forth sufficient facts to survive a 12(b)(6) motion. (Order at 1.) Even so, the court recognized that the facts cited in the compliant were inadequate and ordered a more definite statement. (Id. at 2.) In Cooper v. United States, 1:05-cv-1192 (RBW), another district judge, in a similar case, determined that the complaint failed to state a claim because there were no facts to support a claim for damages. Neither decision is binding here. For the convenience of the Court, attached are copies of the two orders discussed.

    We advise the Court that plaintiff's complaint is one of 39 pending in the United States District Court for the District of Columbia which, save for the identity of the

(continued...)

1501954.1

relief can be granted.2/

This Court should grant the United States' motion to dismiss.3/

Date: January 13, 2006.

                                    Respectfully submitted,

                                      /s/ Pat S. Genis
                                    PAT S. GENIS, #446244
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, D.C.  20044
                                    Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

      1/ (...continued)
plaintiffs, are identical, or nearly identical, to plaintiff's complaint.  (See attached Notice of Related Cases.)

      2/  Even if this Court were to determine that plaintiff has stated a claim under section 7433, this case should be dismissed on numerous other grounds, including that: (1) this Court lacks jurisdiction because plaintiff has failed to allege that he has paid the federal taxes due and filed a claim for refund, see United States v. Dalm, 494 U.S. 596, 601-602 (1989); (2) venue is improper in this Court for plaintiff, a resident of Colorado, because a refund suit must be brought in the judicial district in which the plaintiff resides, see 26 U.S.C. §§ 1402(a)(1) & 1346(a), and the interests of justice do not require transferring the case; and (3) plaintiff's request for an injunction is barred by the Anti-Injunction Act, see Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987).

      3/   Plaintiff complains that the United States' motion to dismiss contained facts outside the record.  The Court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in order to determine whether the Court has jurisdiction in the case.  See Nemariam v. Fed. Dem. Repl. of Ethiopia, __F.Supp.2d __ ___, 2005WL2979652, *3 (D.D.C. 2005), citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-625 n.3 (D.C. Cir. 1997).  In this case, the United States attached a copy of plaintiff's request for waiver of service.  Since proper service on the United States is a prerequisite for this Court's jurisdiction, it was proper for the Court to consider that document.  In any event, plaintiff has now perfected service on the United States.

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' REPLY was served upon the following person on January 13, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Charles Radcliffe
>8681 E. Duke Place
>Denver, CO 80231

>_/s/ Pat S. Genis_
>PAT S. GENIS, #446244