IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-cv-01624 (EGS) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Under Fed.R.Civ.P. 12(b)(1) and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that plaintiff has failed to demonstrate that he has exhausted his administrative remedies and he has failed to state a claim upon which relief can be granted. Plaintiff does not allege that he has exhausted his administrative remedies; instead he asserts he may forego exhausting administrative remedies that are either futile or inadequate. Moreover, plaintiff has not alleged sufficient facts to demonstrate he is entitled to any relief.

1530558.1

A supporting memorandum of law and proposed order are filed with this motion.1/

Date: February 1, 2006.

                          Respectfully submitted,

                          /s/ Pat S. Genis
                          PAT S. GENIS, #446244
                          Trial Attorney, Tax Division
                          U.S. Department of Justice
                          Post Office Box 227
                          Washington, D.C.  20044
                          Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

1/    Also attached is a Notice of Related Cases, listing cases which, save for the identity of the plaintiffs, are identical, or nearly identical, to plaintiff's complaint.

1530558.1                    - 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-01624 (EGS) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

Plaintiff seeks damages under 26 U.S.C. § 7433, but he has not demonstrated that he has exhausted his administrative remedies, thus depriving this Court of jurisdiction over his claim. Further, plaintiff's voluminous and vague allegations fail to state sufficient facts to demonstrate that he is entitled to relief, thus, he has failed to state a claim upon which relief can be granted. Therefore, this Court should dismiss plaintiff's amended complaint.

<u>This Court Lacks Subject-Matter Jurisdiction</u>.

This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he has exhausted his administrative remedies as is required before the United States' sovereign immunity is waived. On the contrary, plaintiff states that he may forego exhausting administrative remedies that are either futile or inadequate. (Am. Compl. ¶ 6.)

The United States can be sued only where it has expressly consented to suit. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976). "It long has been established . . . that the United States, as sovereign, `is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Testan, 424 U.S. at 399, quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Moreover, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987), cert. denied, 485 U.S. 1007 (1988). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). Section 7433 provides that

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [which is inapplicable to plaintiffs' suit] such action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433]

subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim or that amount which is reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 7433-1(3)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, he states that he is entitled to "forego exhausting administrative remedies that are either futile or

inadequate." (Am. Compl. ¶ 6.)   Therefore, plaintiff has not met his burden to prove he exhausted his administrative remedies.  Indeed, it can be inferred from plaintiff's statement that he <u>did not</u> exhaust his administrative remedies, deeming such administrative remedies either futile or inadequate.  Because plaintiff has not met his burden to prove that he has exhausted his administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss plaintiff's amended complaint.

Plaintiff Has Failed to State a Claim.

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Am. Compl. ¶¶ 31, 32).  Plaintiff's complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433.

Under rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiff's complaint to support a claim for damages,[2]/ and

---

   2/ Indeed, the only argument presented by plaintiffs — that the Internal Revenue Service must use Form 23C to record assessment — has been rejected.  Courts recognize that the Service is using computerized RACS Reports-006 as an equivalent to

thus, this Court should conclude that he has not in fact stated such a claim. For example, plaintiff does not state what specific tax years are at issue, the type of tax, or the amount in dispute. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claims for a tax refund because plaintiff has failed to prove that he exhausted his administrative remedies and has failed to state a claim upon which relief can be granted. Therefore, the Court should dismiss plaintiff's amended complaint.

DATED:   February 1, 2006.

                                      Respectfully submitted,

                                      /s/ Pat S. Genis
                                      PAT S. GENIS #446244
                                      Trial Attorney, Tax Division
                                      United States Department of Justice
                                      Post Office Box 227
                                      Washington, DC 20044
                                      Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

the manully-prepared Form 23C. See Roberts v. Comm'r, 118 T.C. 365, 370-71 (2002) (citing Kruger v. United States, 2001 WL 1179412 (D. Nev. 2001)); see also Kruger v. Internal Revenue Service, 1999 WL 907539 (D. Nev. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. ) | No. 1:05-cv-01624 (EGS) |

### ORDER

Having considered the UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED; and it is further

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this _____ day of _____ 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Charles Radcliffe
8681 E. Duke Place
Denver, CO 80231

1530558.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05-cv-01624 (EGS) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM and proposed ORDER were served upon the following person on February 1, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

> Charles Radcliffe
> 8681 E. Duke Place
> Denver, CO 80231

/s/ Pat S. Genis
PAT S. GENIS, #446244