# United States District Court
## IN THE DISTRICT OF COLUMBIA

Charles Radcliffe,
8681 E Duke Place,
303-695-7697

Case No. **1:05cv01624(ES)**

Plaintiff(s),

v.

United States

Defendant.

## OPPOSITION TO DEFENDANTS' MOTION
## TO DISMISS AMENDED COMPLAINT

I
### INTRODUCTION

1.   Plaintiff hereby alleges that defendant's MOTION TO DISMISS AMENDED COMPLAINT is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.  The Court shall take judicial notice of the attachment included with the Motion to Dismiss Amended Complaint.

2.   Counsel's Motion to Dismiss Amended Complaint illustrates Counsel's misreading, misunderstanding, mischaracterization and misrepresentation of facts before the Court.

3.   Counsel seeks dismissal on the basis of non-existent grounds, and the supporting documents attached thereto are designed to perpetrate a fraud upon the Court.

II

## MOTION'S "EXHAUSTION" GROUNDS MISREPRESENT LAW

4.     Counsel knows, or should know, that exhaustion of administrative remedies, first imposed in the 1988 Taxpayer Bill of Rights as a jurisdictional pre-requisite, was removed by the Taxpayer Bill of Rights II in 1996. Although exhaustion was reinstated in Public Law 105-206, the IRS Restructuring and Reform Act of 1998, it was reinstated solely with respect to award of judgment - not jurisdiction.

5.     Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. The Court has subject matter jurisdiction of suits brought under Internal Revenue Code section 7433, and may make findings of fact as to exhaustion for purposes of a later award. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

6.     Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement potentially violates District Ethics Rule 3.1 Meritorious Claims and Contentions. The Rule prohibits attorneys from raising frivolous, bad faith issues:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

7.     The Committee comments to E.R. 3.1 explain:

> [1] *The advocate has a duty* to use legal procedure for the fullest benefit of the client's cause, but also a duty *not to abuse legal procedure.* The law, both procedural and substantive, establishes the limits within which an advocate may proceed.
> [2] *** *What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine*

that they can make good faith arguments in support of their clients' positions. *** The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

8.    Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.1, as interpreted by the Committee comments.

9.    Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement violates Ethical Rule 3.3 Candor Toward the Tribunal. The Rule is crystal clear:

> (a) A lawyer shall not *knowingly*:
> (1) *make a false statement of fact or law* to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
>  (2) fail to disclose to the tribunal *legal authority* in the controlling jurisdiction *known to the lawyer to be directly adverse to the position of the client* and not disclosed by opposing counsel; or
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

> (b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends *to* engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

10.    Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.3, as interpreted by the Committee comments.

III

## MOTION'S ATTACHMENT ILLUSTRATES FUTILITY OF FURTHER "EXHAUSTION"

## ATTEMPTS; ATTACHMENT IS FALSE EVIDENCE

11.    Counsel attached to the Motion to Dismiss Amended Complaint a document that

purports to be Treasury Regulation 301.7433-1. The Court shall take judicial notice

of that attachment.

Counsel's attachment appears to require the filing of a claim, through the office of

the "District Director."

12.    Counsel knows, or should know, that the administrative remedy to which he alludes

is no longer possible. IRS abolished the office of District Director; it is impossible

to exhaust a remedy by filing a claim with an office which no longer exists.

13.    Counsel's ill-conceived attempt to utilize false evidence violates Ethical Rule 3.4

Fairness to Opposing Party and Counsel

> A lawyer shall not:
> (a) unlawfully obstruct another party's access to evidence or unlawfully alter,
> destroy or conceal a document or other material having potential evidentiary
> value. A lawyer shall not counsel or assist another person to do any such act;
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an
> inducement to a witness that is prohibited by law;
> (c) knowingly disobey an obligation under the rules of a tribunal except for an
> open refusal based on an assertion that no valid obligation exists;
> *****
> (e) in trial, allude to any matter that the lawyer does not reasonably believe
> is relevant or that will not be supported by admissible evidence, assert
> personal knowledge of facts in issue except when testifying as a witness, or
> state a personal opinion as to the justness of a cause, the credibility of a
> witness, the culpability of a civil litigant or the guilt or innocence of an
> accused; or
> (Omitted)

14.    Counsel's Motion to Dismiss Amended Complaint is intended to conceal the fact that

IRS has not and cannot produce a properly executed summary record of

assessment. This intent is inferred by the fact that Counsel knows, or should know, that his/her client has admitted, in other actions, a pattern of failure to properly execute summary record(s) of assessment, to wit:

A.    In March v. Internal Revenue Service   (10th Cir.) 02-2087, decided 02/25/2003, McKay, Circuit Judge, observed:

> "[T]he IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

15.   Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an

assessment, NO TAX EXISTS. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945)

(a tax does not exist absent an assessment)

16.  By seeking dismissal on the basis of misreading, misunderstanding mischaracterization, and misrepresentation, Counsel assists his/her client in concealing evidence. By attaching an obsolete regulation, Counsel has falsified evidence, or assisted his/her client in falsification. By seeking to dismiss pursuant to Rule 12(b)(6) council disregards an important question of fact and seeks the benefit of a presumption that council's client admits is likely false.

17.  Counsel's filing constitutes Ethical Rule 8.4 Misconduct:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

18.  Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant

to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II.

ATTORNEYS AND COUNSELORS

Rule 5.
4. Each applicant shall sign the following oath or affirmation:
I, ..............., do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

18.    Counsel has breached that oath.

WHEREFORE, Plaintiff(s) request(s) the Court strike/deny defendants' motion to

dismiss and grant default against defendant United States.

Dated: Feb. 10th, 2006

Charles Radcliffe

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his/her address of record.

Dated Feb. 10th, 2006

Charles Radcliffe