IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE,       )<br>                              )<br>       Plaintiff,              )<br>                              )<br>  v.                          )     No. 1:05-cv-01624 (EGS)<br>                              )<br>UNITED STATES OF AMERICA      )<br>                              )<br>       Defendant.             ) | |

**UNITED STATES' OPPOSITION TO MOTION FOR
SANCTIONS UNDER FED. R. CIV. P. 11(b) AND FOR
REFERRAL TO THE BAR DISCIPLINARY COMMITTEE**

The United States opposes plaintiff's motion for sanctions under Fed. R. Civ. P. 11 and bar referral.1/  Plaintiff's motion should be denied, because plaintiff failed to comply with the procedural requisites to bringing such a motion as required by Fed. R. Civ. P. 11. and because plaintiff's allegations are completely meritless.

Under Fed. R. Civ. P. 11(c), plaintiff is required to serve a copy of a motion for sanctions upon the United States, prior to filing with the Clerk of the Court.  Fed. R. Civ. P. 11(c)(1)(A).   He may then file the motion only after waiting 21 days to permit the United States time to consider the motion and take appropriate action, if deemed necessary.  See Fed. R. Civ. P. 11(c)(1)(A).  Plaintiff does not allege, nor can he demonstrate, that he has complied with this requirement.

---

1/    The United States deems plaintiff's motion for sanctions and bar referral to be extremely serious, and points out to the Court that there are substantially identical motions for sanctions and bar referrals filed in several of the related cases, indicating an orchestrated and coordinated effort on behalf of these "*pro se*" plaintiffs.

More importantly, plaintiff's motion lacks even an iota of merit. The United States' motion to dismiss his amended complaint is based upon statutory authority and well-developed case law as evidenced in the supporting memorandum filed with the motion to dismiss. Since the United States' motion to dismiss plaintiff's amended complaint is well-founded in law, there is certainly no basis for requesting sanctions or a bar referral.

For the foregoing reasons, the United States respectfully requests that plaintiff's motion for sanctions and bar referral be denied and stricken from the record.

DATED: March 2, 2006.

                                              Respectfully submitted,

                                              /s/ Pat S. Genis
                                              PAT S. GENIS, #446244
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P. O. Box 227, Ben Franklin Station
                                              Washington, D.C.  20044
                                              Phone/Fax:  (202) 307-6390/514-6866
                                              Email: Pat.Genis@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the UNITED STATES' OPPOSITION TO MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11(b) AND FOR REFERRAL TO THE BAR DISCIPLINARY COMMITTEE, and proposed ORDER were served upon the following person on March 2, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Charles Radcliffe
>8681 E. Duke Place
>Denver, CO 80231

>  /s/ Pat S. Genis
> PAT S. GENIS, #446244