UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES RADCLIFFE**<br><br>       Plaintiff,<br><br>  v.<br><br>**UNITED STATES,**<br><br>       Defendant. | Civil Action No. 05-1624 (EGS) |

## ORDER

Plaintiff has filed a *pro se* complaint alleging errors by the Internal Revenue Service "in connection with the collection of [a] federal tax" (Compl. ¶ 1), and seeking damages under 26 U.S.C. § 7433. Upon review of the complaint, it is apparent that the claims alleged therein are substantially similar to those of several other recently filed complaints in this jurisdiction, some of which have been dismissed for lack of subject matter jurisdiction owing to plaintiff's failure to exhaust administrative remedies. *See, e.g., Henry v. United States*, No. 05-2084, Order (D.D.C. Feb. 27, 2006); *Scott et al. v. United States*, No. 05-2043, Order (Feb. 27, 2006). Accordingly, it is hereby

**ORDERED** that plaintiff in the above-captioned matter is required to show cause on or before March 20, 2006, why this Court has subject matter jurisdiction. In doing so, plaintiff must explain how he has "exhausted all administrative remedies," as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(a), (e), and attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2).[1] If plaintiff fails to respond in a timely

---

[1] The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under § 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an

manner and/or to provide a valid basis for jurisdiction, the Court will dismiss the matter without prejudice. There will be no continuances of this deadline.

Any response by the government must be filed on or before April 3, 2006.

**SO ORDERED**.


**Signed:**     **EMMET G. SULLIVAN**
            **UNITED STATES DISTRICT JUDGE**
            **March 6, 2006**

---

administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). In order to properly file his administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim. *Id*. A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months passes without a decision by the IRS on a properly filed claim. *Id*. § 301.7433-1(d)(i)-(ii). Failure to comply with the this regulation deprives the federal district court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F.Supp. 2d 125, 128 (D.D.C. 2004).