IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES RADCLIFFE ) | |
| ) | |
| Plaintiff, ) | No. 1:05-cv-01624 (EGS) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S RESPONSE
TO THE COURT'S SHOW-CAUSE ORDER**

This is a civil action in which the *pro se* plaintiff alleges that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code, and seeks damages under 26 U.S.C. § 7433. The plaintiff's response to the Court's March 6, 2006 order to show cause why the Court has subject-matter jurisdiction fails to demonstrate that the Court has jurisdiction.

QUESTION PRESENTED

Plaintiff, Charles Radcliffe, filed a response to the Court's show-cause order invoking the Court's "equitable jurisdiction." Plaintiff's suit seeking damages under section 7433 is an action "at law." Should the Court dismiss plaintiff's amended complaint?

1620325.1

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff filed a complaint on August 12, 2005, and an amended complaint on January 23, 2006.  His amended complaint seeks a "determination of the amount of damages" to which he is entitled.  (Am. Compl. ¶ 32.)

2. <u>Response to the Court's show-cause order</u>.  On March 6, 2006, the Court issued an order for plaintiff to "show cause on or before March 20, 2006, why this Court has subject matter jurisdiction; " to "explain how he has 'exhausted all administrative remedies;'" and to "attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)."  (Order at 1.)

On March 20, 2006, plaintiff filed a response, asking the Court to exercise its "equity jurisdiction conferred in section 11 of the Judiciary Act of 1989, 1 Stat. 78," but failed to explain how he had exhausted his administrative remedies, and failed to attach any documentation reflecting the filing of a claim.  (Response at 1.)

ARGUMENT

PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED.

Plaintiff's response to the Court's show-cause order failed to show that the Court has subject-matter jurisdiction.  Instead, plaintiff attempts to invoke the Court's equitable jurisdiction.  Plaintiff is seeking damages under 26 U.S.C. § 7433.  "Damages remain today a remedy at law."  <u>Sparrow v. Comm'r</u>, 949 F.2d 434, 437 (D.D.C. 1991) (citing cases).  That being so, there is "'[n]o ground for equitable jurisdiction.'"  <u>Id</u>. (quoting <u>Rice & Adams Corp. v. Lathrop</u>, 278 U.S. 509, 513 (1929)).  Accordingly, since

plaintiff has claims for damages at law, his request for the Court to exercise its equitable jurisdiction should be denied, and his amended complaint should be dismissed.1/

Beyond his ill-conceived request for the Court to exercise equity jurisdiction in a case at law, plaintiff makes no effort to demonstrate that he has, in fact, exhausted his administrative remedies.  Nor has he attached any documentation reflecting his efforts to exhaust his remedies.  Accordingly, plaintiff has failed to demonstrate the existence of subject-matter jurisdiction.

## CONCLUSION

Plaintiff has not shown that this Court has subject-matter jurisdiction, as the Court's show-cause order required him to do.  Therefore, the Court should dismiss his amended complaint.

DATE: March 30, 2006.

Respectfully submitted,

 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

1/ Plaintiff also appears to attempt to challenge the validity of 26 C.F.R. § 301.7433-1.  Because, however, he has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to "exhaust[] the administrative remedies available" to him, his possible claims of regulatory invalidity are not ripe for adjudication.

3

1620325.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S RESPONSE TO THE COURT'S SHOW-CAUSE ORDER was caused to be served upon plaintiff *pro se* on March 30, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Charles Radcliffe
>8681 E. Duke Place
>Denver, CO 80231

>/s/ Pat S. Genis
>PAT S. GENIS, #446244