# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHARLES RADCLIFFE,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civ. Action No. 05-1624 (RJL)
                                  )
UNITED STATES                     )
                                  )
          Defendant.              )

## MEMORANDUM OPINION
(September **29**, 2006) [#16, 17]

Plaintiff Charles Radcliffe filed the instant action against defendant United States alleging misconduct by the Internal Revenue Service in the collection of taxes in violation of the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433.   Plaintiff seeks a "[d]etermination that the defendant[] . . . in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code" (Am. Compl. ¶ 31), and "a determination of the amount of damages for which the plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant" (*id.* ¶ 32).  Now before the Court is defendant's Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies.  For the reasons set forth below, defendant's Motion is GRANTED.

# ANALYSIS

Plaintiff's Complaint is one of many nearly identical, boilerplate complaints filed in our Court by *pro se* plaintiffs.[1]  (*See* Notice of Related Case at 1 (Dkt. #12).)  These complaints ask, *inter alia*, that the Court ignore regulations promulgated by the Secretary of Treasury pursuant to 26 U.S.C. § 7433(d)(1), which set forth administrative remedy procedures with which taxpayers must comply before bringing suit for damages in a federal court.[2]  *See* 26 C.F.R. § 301.7433-1(e)(1).  Plaintiff attempts to support his request by

---

[1]    On March 6, 2006, the Honorable Emmet G. Sullivan of this Court, to whom this case was originally assigned, ordered plaintiff to "show cause on or before March 20, 2006, why this Court has subject matter jurisdiction." (Order at 1 (Dkt. #22).)  The Court directed plaintiff to specifically "explain how he has 'exhausted all administrative remedies,' as required by 26 U.S.C. § 744(d)(1) and 26 C.F.R. § 301.7433-1(a), (e)" and to "attach all documents reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)." (*Id.*)  On March 20, 2006, plaintiff filed a response to the Order (Dkt. #23), stating that the IRS administrative remedies "are at best unavailable, and at worst, wholly inadequate" (Pl.'s Resp. at 6), and asking the Court to exercise its "equity jurisdiction conferred in section 11 of the Judiciary Act of 1989, 1 Stat. 78" (*id.* at 1). Plaintiff did not, however, explain how he had exhausted his administrative remedies, nor did he attach any documentation reflecting the filing of any administrative claim.

[2]    The IRS has established by regulation the procedure(s) by which a taxpayer may pursue a claim under § 7433. *See* 26 C.F.R. § 301.7433-1. These regulations make clear that an "action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id.* § 301.7433-1(a). In order to properly file his administrative claim, a taxpayer must write to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id.* § 301.7433-1(e)(1). The regulations spell out with specificity the information that must be provided to the Area Director, including, *inter alia*, the "grounds, in reasonable detail, for the claim;" a "description of the injuries incurred;" and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id.* § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim. *Id.* A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months passes without a decision by the IRS on a properly filed claim. *Id.* § 301.7433-1(d)(i)-(ii). Failure to comply with the this regulation deprives the federal district court of jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F.Supp. 2d 125, 128 (D.D.C. 2004).

alleging an exception to the exhaustion requirement where administrative remedies "are either futile or inadequate" (Am. Compl. ¶ 30) or "when agency action exceeds statutory authorization" (*id.*).

In assessing the relative merits of both parties' positions, this Court finds the decision in *Henry v. United States*, 416 F. Supp. 2d 130 (D.D.C. 2006), recently before the Honorable Ellen Segal Huvelle of this Court, to be particularly instructive. In that case, the Court concluded that '[i]n the absence of even an assertion by plaintiff, much less any corroborating evidence, that he has complied with the statutory exhaustion requirement, the Court has not choice but to find that 26 U.S.C. § 7433(d)(1) deprives it of subject matter jurisdiction over plaintiff's claim." *Henry*, 416 F. Supp. 2d at 133.

The plaintiff's amended complaint in *Henry* is essentially similar to the Amended Complaint filed by plaintiff in this case; and Henry's Opposition to Defendant's Motion to Dismiss is virtually identical to the Opposition filed here. Thus, due to the indistinguishable nature of the arguments presented in the two cases, and because this Court agrees with Judge Huvelle's reasoned analysis in *Henry*, this Court adopts Judge Huvelle's Opinion and, accordingly, dismisses plaintiff's Amended Complaint. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge